# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Walter Jackson, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:22cv1041 (AJT/IDD) |
| ) | |
| Tutrell, et al., ) | |
|     Defendant. ) | |

### MEMORANDUM and ORDER

Proceeding *pro se*, Virginia inmate Walter Jackson initiated this civil action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Fourth Amendment rights on October 5, 2020 because there was no probable cause for the search that led to the discovery of the firearm and cocaine that were used to indict him. [Dkt. No. 1].[1] He seeks monetary damages and dismissal of all charges and release from custody. *Id.* at 5. A review of plaintiff's complaint reveals that, in line with 28 U.S.C. § 1915A(b)(1), this action must be dismissed for failure to state a claim upon which relief may be granted.[2]

Pursuant to § 1915A, this Court must dismiss claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v.*

---

[1] Plaintiff filed a letter with the Court on March 6, 2023, with a non-institutional address which indicates that although he has suspended sentences he is no longer detained in the Virginia department of Corrections. [Dkt. No. 7-1].

[2] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

        (2) seeks monetary relief from a defendant who is immune from such relief.

*Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. Here, plaintiff alleges that the defendants violated his Fourth Amendment rights when the defendants searched his tow truck after he refused to consent to the search and the search discovered a firearm and cocaine in a bag. [Dkt. No. 1] at 5.[3]

## I. Background

The complaint alleges that the charges against Plaintiff that arose from the allegedly illegal search on October 2, 2020 "were dropped" in Hanover County General District Court because the officers had "no probable cause for the search." [Dkt. No. 1] at 5. Virginia's online records for the Hanover County General District Court, however, establish the five offenses that occurred on October 2, 2020, with which he was originally charged (possession with intent to distribute a Schedule I/II drug, in violation of Virginia Code § 18.2-248, Case No. GC20012018-00; possession of firearm after having been convicted of a violent felony, in violation of Virginia Code

---

[3] Virginia Courts Case Information, Hanover General District Court page, http://ewsocis1.courts.state.va.us (last viewed on May 16, 2023); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (collecting cases); *Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online). On June 15, 2021, Plaintiff was indicted for three felonies: CR21000411-00.

§ 18.2-308.2(A), Case No. GC20012019-00; possession of a firearm while in possession of a Schedule I/II drug with intent to distribute, in violation of Virginia Code § 18.2-308.4, Case No. GC20012020-00; carrying a concealed weapon, in violation of Virginia Code § 18.2-308, Case No. GC20012021-00; and a civil violation for possession of marijuana, in violation of Virginia Code § 18.2-250.1, Case No. GC20012022-00), were terminated by *nolle prosequi* on June 1, 2021. In Virginia, a *nolle prosequi* is a dismissal without prejudice. *See In re Underwood*, Record Nos. 190497 and 190498, 2019 Va. LEXIS 168, *10 (Va. May 2, 2019) ("no material distinction between a ... 'motion to dismiss a charge without prejudice' and a 'nolle prosequi'").

On June 15, 2021, Plaintiff was indicted by the Hanover County grand jury for three felonies, each of which occurred on October 2, 2020: possession of a firearm while in possession of a Schedule I/II drug with intent to distribute, in violation of Virginia Code § 18.2-308.4, Case No. CR21000411-00; possession with intent to distribute a Schedule I/II drug, in violation of Virginia Code § 18.2-248, Case No. CR21000411-01; possession of firearm after having been convicted of a violent felony, in violation of Virginia Code § 18.2-308.2(A), Case No. CR21000411-02. Plaintiff's motion to suppress was denied, and he entered into a plea agreement on April 27, 2022. [Dkt. No. 1] at 5.[4] The plea agreement resulted in the *nolle prosequi* of the possession of a firearm while in possession of a Schedule I/II drug with intent to distribute indictment; a sentence of five years in prison, with five years suspended, for the possession with intent to distribute a Schedule I/II drug conviction; an amendment to the indictment for the firearm offense to possession of firearm after having been convicted of a non-violent felony and a sentence

---

[4] The online records for Hanover County Circuit Court indicate a motion to suppress was filed on October 12, 2021, and was heard and denied on December 17, 2021. *See* http://ewsocis1.courts.state.va.us ("Hearings" section and "Pleadings/Orders" tab) (last viewed on May 16, 2023).

3

of five years in prison, with three and one-half years suspended for that conviction. The sentencing order was entered on May 13, 2022. *See, supra* note 4.

## II. Analysis

Plaintiff's allegations fail to state a claim upon which relief can be granted and allowing him to amend would be futile because his complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994). Plaintiff's assertion of no probable cause is legally frivolous under *Heck*, which emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. The Supreme Court explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (citing *Heck*, 512 U.S. at 484-86); *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.")

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "If the district court answers the question in the

4

affirmative, then 'the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.' 'This mandate is referred to as the "favorable termination" requirement.'" *Bishop v. County of Macon*, 484 F. App'x 753, 755 (4th Cir. 2012) (quoting *Heck*, 512 U.S. at 487; *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008)). Here, Plaintiff's conviction is still valid, and he has not pursued relief on direct appeal or through a petition for a writ of habeas corpus.

Further, to the extent Plaintiff might argue that success on his claim would not necessarily imply the invalidity of his convictions, the evidence seized "was the only evidence" that Plaintiff "committed any offense.'" *Bishop*, 484 F. App'x at 756.

> When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983.

*Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003) (citing *Heck* 512 U.S. at 489).[5]

Accordingly, it is hereby

ORDERED that the Clerk update Plaintiff's address, 2204 Cardwell Road, Oilville, Va. 23219, [Dkt. No. 7-1]; and it is further

---

[5] Plaintiff also cites the Eighth Amendment and alleges cruel and unusual punishment based upon his conclusory assertion that his convictions are not valid. *Cf. Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, *Brady v. United States*, 397 U.S. 742, 748 (1970), and Plaintiff has not alleged that his guilty pleas were not knowingly, voluntarily, and intelligently entered. Indeed, Plaintiff has not tried, much less succeeded, at having his convictions declared invalid via a successful direct appeal or habeas proceeding, which renders his Eighth Amendment claim conclusory and frivolous. *See Willard v. Baker*, No. 3:11cv876, 2014 U.S. Dist. LEXIS 44792, *5 (D. Nev. Mar. 31, 2014) (a guilty plea is presumptively valid and it "eliminates all issues in dispute in the original criminal proceeding, unless and until overturned in a timely proceeding"). A claim that "challenges a presumptively valid state criminal conviction.... can be raised only in a habeas corpus petition after state remedies have been exhausted. It does not state a claim under 42 U.S.C. § 1983." *Hogan v. Axom*, No. 75-2301, 1975 U.S. App. LEXIS 11499, *2 (4th Cir. 1975) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Plaintiff has failed to state an Eighth Amendment claim upon which relief could be granted, and amendment would futile because his convictions are presumptively valid.

ORDERED that this action be, and the same hereby is, DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(g),[6] this dismissal may affect plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the entry of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of defendants, to send a copy of this Order to plaintiff, and to close this civil action.

Entered this 17th day of May 2023.

Alexandria, Virginia

Anthony J. Trenga
Senior United States District Judge

---

[6] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.